Thomas O. Myers (SBN 120674)
E-Mail: myers@smithmyerslaw.com
SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Telephone: (213) 613-2380; Facsimile: (213) 613-2395

Nathan J. McGrath (Pa. Bar No. 308845)
    (admitted *pro hac vice*)
Milton L. Chappell (D.C. Bar No. 936153)
    (admitted *pro hac vice*)
E-mails: njm@nrtw.org; mlc@nrtw.org
c/o National Right to Work Legal
Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22151
Telephone: (703) 321-8510; Facsimile: (703) 321-9319

*Attorneys for Plaintiffs and the Class They Seek to Represent*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KENNEDY, et al., | Case No: CV14-7855 AB (SSx) |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR SETTLEMENT CLASS CERTIFICATION AND APPOINTMENT OF SETTLEMENT CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 99, et al., | |
| Defendants. | Date: August 10, 2015 |
| | Time: 10:00 a.m. |
| | Judge: Hon. André Birotte, Jr. |
| | Location: Courtroom 4 - Second Floor |

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 10, 2015, at 10:00 a.m., or as soon thereafter as it pleases the Court, counsel may be heard in Courtroom 4 of the United States District Court for the Central District of California, in the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, the Honorable André Birotte, Jr., presiding, where Plaintiffs, by and through their counsel, will present their Unopposed Motion for Settlement Class Certification and Appointment of Settlement Class Counsel.

Plaintiffs move that the Court: (1) certify the settlement class as defined in the Motion; (2) enter an order certifying that this action shall proceed as a class action for settlement purposes under Federal Rule of Civil Procedure ("Rule") 23(b)(2); (3) certify the Plaintiffs as the settlement class representatives; and (4) appoint Plaintiffs' undersigned attorneys, Nathan J. McGrath, Milton L. Chappell, and Thomas O. Myers, as settlement class counsel, pursuant to Rule 23(g).

///
///
///
///
///
///

# UNOPPOSED MOTION FOR SETTLEMENT CLASS CERTIFICATION AND TO APPOINT SETTLEMENT

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

**CLASS COUNSEL**

AND COME NOW Plaintiffs, Douglas Kennedy, Eduardo Berumen, Griselda Moran, and Magi Sahagian, on behalf of themselves and the class they seek to represent, by and through their undersigned attorneys, and pursuant to Federal Rule of Civil Procedure ("Rule") 23 and Local Rule ("L.R.") 23-3, respectfully move the Court for an order that this above-captioned case be maintained as a class action for the purposes of settlement under Rule 23(b)(2) on behalf of a settlement class comprised of Plaintiffs and all other persons similarly situated, and that the Court certify the Plaintiffs as the settlement class representatives for settlement class members. Plaintiffs, by and through their undersigned attorneys, and pursuant to Rule 23(g), further move this Court for an Order appointing their undersigned attorneys as settlement class counsel.

This Motion is unopposed by Defendants and is made pursuant to the provisions of the Settlement Agreement and Release executed by the Parties.

In addition to the Notice of Motion and Motion, this Motion is based upon Plaintiffs' Memorandum of Points and Authorities in support of their Unopposed Motion for Settlement Class Certification and Appointment of Settlement Class Counsel, the declarations filed therewith, the pleadings, records and files in this case, and upon such other further oral and documentary evidence that may be presented before the Court rules on this Motion.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

1   The grounds for the Motion, further set forth in the Memorandum of Plaintiffs'

2   Points and Authorities in Support of Their Unopposed Motion for Settlement Class

3   Certification and Appointment of Settlement Class Counsel, filed herewith, are:

4   

5        1.     The settlement class, as agreed to by the Parties in Paragraph 3 of the

6   Parties' Settlement Agreement and Release, is comprised of:

7        [e]very Local 99 bargaining unit member who (a) was employed by the

8        Los Angeles Unified School District at any time during the time period

9        

10       extending from October 9, 2012, to the date of final approval of [the

11       Settlement Agreement and Release] by the Court ("the time period") and

12       

13       (b) within the time period Local 99 denied the bargaining unit member's

14       request to resign Local 99 union membership and request to pay only the

15       

16       reduced agency fee amount.

17       2.     Based upon class discovery requests made of Defendant Service Employees

18   International Union, Local 99 ("Local 99") by Plaintiffs, and Local 99's responses

19   thereto, Plaintiffs allege that the settlement class, as defined above, includes

20   

21   approximately 235 settlement class members.

22       3.     There are questions of law and/or fact common to all Plaintiffs and

23   settlement class members, to wit, the deprivation of settlement class members'

24   constitutional and statutory rights by Defendants' compulsory membership and/or

25   

26   fee policies, requirements, and procedures that apply equally to all Plaintiffs and

27   settlement class members.

28

4.      Plaintiffs' claims are typical of other members of the settlement class, who are subject to the same deprivations of their constitutional and statutory rights by Defendants' compulsory membership and/or fee policies, requirements, and procedures.

5.      Plaintiffs can adequately represent the interests of the settlement class members. They have no interests antagonistic to settlement class members who wish to be nonmembers and reduced "agency fee" payors of Local 99, respectively, and who nevertheless have full union dues or an amount equivalent thereto ("agency fees") taken from their wages by LAUSD, under the control and/or direction of the non-Local 99 Defendants in this action, and transmitted to Local 99 as a condition of their employment.

6.      Defendants have acted, and threaten to continue to act, to deprive Plaintiffs and each class member of his or her constitutional and civil rights on grounds generally applicable to all, thereby making certain declaratory, injunctive, and other equitable relief appropriate for all Plaintiffs and class members.

7.      At this time, Plaintiffs do not anticipate or foresee any difficulties in managing this action as a class action. Plaintiffs have sought and retained counsel experienced in the particular issues and areas of law raised in this action and in litigating and managing class actions of this nature. Furthermore, Plaintiffs' counsel are provided to them and the settlement class members *pro bono* by the National Right to Work Legal Defense Foundation, Inc., a national, charitable organization that

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

provides free legal aid to similar employees, that has provided support to many similar class actions, and provided similar resources as is anticipated will be required for this action. Plaintiffs' counsel are experienced in representing nonmember employees in federal civil rights litigation, having litigated many of the leading constitutional and statutory cases in this area of law, including class actions involving union membership and union fee issues identical or similar to those raised in this action and pertaining to the class.

One of Plaintiffs' counsel has more than thirty-nine years' experience litigating cases nearly identical or similar to this action and has been found adequate and appointed as class counsel for plaintiff, nonmember classes in numerous similar actions, including in this District. Another one of Plaintiffs' counsel was found to be adequate as class counsel and appointed as such twice in 2014, representing plaintiff, nonmember employee classes in similar matters dealing with compulsory unionism. These attorneys are best able to represent the interests of the settlement class members and will fairly, zealously, and adequately do so.

8.      Plaintiffs seek the settlement class certification pursuant to Rule 23(b)(2), which does not require notice to the settlement class members unless ordered otherwise by the Court; however, as required by Rule 23(e)(1) the Parties have agreed to submit to the Court for its approval a proposed Notice of Proposed Settlement of Class Action Lawsuit at the same time the Parties jointly move for the preliminary approval of the Settlement Agreement and Release. Local 99 has agreed to facilitate

and finance the distribution of the approved settlement class notice to all settlement class members by retaining the services of third party administrator, Gilardi & Co., LLC.

WHEREFORE, Plaintiffs respectfully move that this Court, pursuant to Rule 23(c)(1)(B): (1) certify the settlement class as defined above; (2) enter an order certifying that this action shall proceed as a class action for settlement purposes under Rule 23(b)(2); (3) certify the Plaintiffs as the settlement class representatives; and (4) pursuant to Rule 23(g) appoint Plaintiffs' undersigned attorneys, Nathan J. McGrath, Milton L. Chappell, and Thomas O. Myers, as settlement class counsel.

Dated: June 26, 2015                    Respectfully submitted,

                                        SMITH & MYERS LLP

                            By:    /s/ Thomas O. Myers
                                   Thomas O. Myers (SBN 120674)
                                   E-Mail: myers@smithmyerslaw.com
                                   SMITH & MYERS LLP
                                   333 South Hope Street, 35th Floor
                                   Los Angeles, California 90071
                                   Telephone: (213) 613-2380
                                   Facsimile: (213) 613-2395

                                   Nathan J. McGrath (Pa. Bar No. 308845)
                                       (admitted *pro hac vice*)
                                   Milton L. Chappell (D.C. Bar No. 936153)
                                       (admitted *pro hac vice*)
                                   E-mails: njm@nrtw.org; mlc@nrtw.org
                                   c/o National Right to Work Legal
                                   Defense Foundation, Inc.
                                   8001 Braddock Road, Suite 600
                                   Springfield, Virginia 22151
                                   Telephone: (703) 321-8510

1    Facsimile: (703) 321-9319

2    *Attorneys for Plaintiffs and the Class They Seek to Represent*

3

4

5

6

7

8

9

10

11

12

13    SMITH & MYERS LLP
      333 South Hope Street, 35th Floor
14    Los Angeles, California 90071
      Tel: (213) 613-2380 Fax: (213) 613-2395

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................................iii

PRELIMINARY STATEMENT............................................................................................1

STATEMENT OF FACTS....................................................................................................4

DEFINITION OF PROPOSED SETTLEMENT CLASS....................................................5

ARGUMENT........................................................................................................................6

I.     General Standards for Class Certification .................................................6

II.    The Proposed Settlement Class Is Easily Determinable and Ascertainable .......7

III.   Rule 23(a) Prerequisites to Certifying a Class Action .........................10

     a.     Rule 23(a)(1)—Numerosity .......................................................10

     b.     Rule 23(a)(2)—Commonality.....................................................11

     c.     Rule 23(a)(3)—Typicality..........................................................12

     d.     Rule 23(a)(4)—Adequacy of Representation .............................14

         i.     Plaintiffs have no conflicts of interest with settlement class members and will vigorously prosecute the action on behalf of the settlement class ...........................14

         ii.    Plaintiffs' counsel have no conflicts of interest with settlement class members and will vigorously prosecute the action on behalf of the settlement class....................16

IV.    The Requirements for Rule 23(b)(2) Certification Are Satisfied ........18

V.     Rule 23(g) Appointment of Settlement Class Counsel .........................22

CONCLUSION.........................................................................................................25

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

1

**TABLE OF AUTHORITIES**

2

**Page**

3

<u>Cases</u>

4

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998) ............................................21

5

6

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)................................................6, 7, 19

7

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013)..............................7

8

*Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994) ...............10

9

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ...................................................................6

10

11

*Bromley v. Michigan Educ. Ass'n-NEA*, 178 F.R.D. 148 (E.D. Mich. 1998) ...................25

12

*Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986) ................ 3, 12, 19, 20

13

*Cummings v. Connell*, 316 F.3d 886 (9th Cir. 2003) ............................................................9

14

15

*Damiano v. Matish*, 644 F. Supp. 1058 (W.D. Mich. 1986), *rev'd on other grounds*,
    830 F.2d 1363 (6th Cir. 1987) .........................................................................................20

16

17

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) ..........................................14

18

*Equal Emp't Opportunity Comm'n v. Gen. Tel. Co.*, 599 F.2d 322 (9th Cir. 1979)...............9

19

*Elrod v. Burns*, 427 U.S. 347 (1976).....................................................................................13

20

21

*Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982)..................................................................11, 14

22

*Haley v. Medtronic, Inc.*, 169 F.R.D. 643 (C.D. Cal. 1996) ..............................................11

23

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...........................................*passim*

24

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) ............................................12

25

26

*Harrington v. City of Albuquerque*, 222 F.R.D. 505 (D.N.M. 2004).............................18, 24

27

*Mazur v. eBay Inc.*, 257 F.R.D. 563 (N.D. Cal. 2009) ........................................................8

28

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

*Mitchell v. Los Angeles Unified Sch. Dist.*, 744 F. Supp. 938 (C.D. Cal. 1990),
  *rev'd on other grounds*, 963 F.2d 258 (9th Cir. 1992) ........................... 9

*National Right to Work Legal Def. & Educ. Found., Inc. v. United States*,
  487 F. Supp. 801 (E.D.N.C. 1979) ........................... 18

*O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998) ................... 8

*Preap v. Johnson*, 303 F.R.D. 566 (N.D. Cal. 2014) ........................... 15

*Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776 (9th Cir. 1986) ................... 8, 20

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ........................... 19, 20

*Schwartz v. Harp*, 108 F.R.D. 279 (C.D. Cal. 1985) ........................... 6

*Serna v. Transp. Workers Union of Am.*, No. 3:13-CV-2469-N,
  2014 WL 7721824 (N.D. Tex. Dec. 3, 2014) ........................... 17, 18, 22, 23

*Slaven v. BP Am., Inc.*, 190 F.R.D. 649 (C.D. Cal. 2000) ........................... 10, 11

*Swanson v. Univ. of Haw. Prof'l Assembly*, 212 F.R.D. 574 (D. Haw. 2003) ................ 9

*Thaxton v. OEA*, No. 2:11-cv-00707 ........................... 23

*UAW v. Nat'l Right to Work Legal Def. & Educ. Found., Inc.*,
  781 F.2d 928 (D.C. Cir. 1986) ........................... 24

*Wagner v. Prof'l Eng'rs in Cal. Gov't*, 3 Fed. Appx. 594 (9th Cir. 2001) ................ 9

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ........................... 11

*Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223 (C.D. Cal. 2003) ............ 8

*Wiener v. Dannon Co.*, 255 F.R.D. 658 (C.D. Cal. 2009) ........................... 22

*Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075 (N.D. Cal. 2011) ............... 8

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ................. 20

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Constitutions

U.S. Const. amend. I...................................................................................2

U.S. Const. amend XIV ..............................................................................2

Federal Statutes

42 U.S.C. § 1983.......................................................................................2

State Statutes

California Government Code § 3540.1(i)..............................................1, 5, 12

California Government Code § 3540.1(i)(1)...............................................2

California Government Code § 3540.1(i)(2)...............................................2

Federal Rules of Civil Procedure

F.R.C.P. 23.........................................................................................1, 7

F.R.C.P. 23(a).................................................................................*passim*

F.R.C.P. 23(a)(1).................................................................................10

F.R.C.P. 23(a)(2).................................................................................11

F.R.C.P. 23(a)(3).............................................................................1, 12

F.R.C.P. 23(a)(4).................................................................................14

F.R.C.P. 23(b).................................................................................6, 19

F.R.C.P. 23(b)(1)...................................................................................7

F.R.C.P. 23(b)(2)...........................................................................*passim*

1

F.R.C.P. 23(b)(3) ............................................................................................ 7

2

F.R.C.P. 23(c)(1)(B) ..................................................................................... 22

3

F.R.C.P. 23(g) ........................................................................................ 22, 25

4

5

F.R.C.P. 23, Subdivision (g), advisory committee's note (2003) .................... 22

6

7

Central District of California Local Rules

8

Local Rule 23-3 ............................................................................................. 1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Douglas Kennedy, Eduardo Berumen, Griselda Moran, and Magi Sahagian, on behalf of themselves and the settlement class they seek to represent, by and through their undersigned attorneys, file this Memorandum of Plaintiffs' Points and Authorities in Support of Their Unopposed Motion for Settlement Class Certification and Appointment of Settlement Class Counsel, pursuant to Federal Rule of Civil Procedure ("Rule") 23 and Local Rule ("L.R.") 23-3.

## PRELIMINARY STATEMENT

This class action lawsuit challenges the constitutionality of California's "organizational security" provisions in the Educational Employment Relations Act ("EERA"), California Government Code § 3540.1(i), the "organizational security" provisions agreed to by the Los Angeles Unified School District ("LAUSD") Board members ("Board") and the Service Employees International Union, Local 99 ("Local 99") in collective bargaining agreements and the current memorandum of understanding ("MOU"), [1] and the actions taken by Defendants against Plaintiffs and the similarly situated bargaining unit employees, pursuant to the Agreements.

---

[1] The collective bargaining agreement between Local 99 and the Board dated 2011-2014 ("CBA"), was amended by and incorporated into the MOU, dated 2014-2017, between Local 99 and the Board, hereinafter, when referred to collectively, the "Agreements." Relevant portions of the Agreements are attached as "Exhibit A" to Plaintiffs' First Amended Class Action Complaint ("FAC"), ECF No. 26.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Plaintiffs' First Amended Complaint-Class Action ("FAC"), ECF No. 26, seeks declaratory, injunctive, and monetary relief to redress and prevent Local 99's deprivation of Plaintiffs' and other similarly situated employees' civil and constitutional rights, privileges, and immunities granted by 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. The FAC also seeks declaratory and prospective injunctive relief against the Board and Defendant Megan K. Reilly, Chief Financial Officer of LAUSD, who are sued only in their official capacities.

Local 99 construes and applies Article VIII, Paragraph 5.0 of the CBA ("Paragraph 5.0"), the language of which was incorporated into the MOU, as a "maintenance of membership" provision, in addition to using it for other purposes, under which the LAUSD bargaining unit members' requests to resign union membership and/or object to paying the political, ideological, and other non-chargeable expenses have been denied unless the requests were made during a narrow, thirty-day window period, which occurs under the facts of this case once every three years. *See* FAC Ex. A, at 49; FAC Ex. B.

Plaintiffs' FAC pleads four causes of action, with Count IV being an alternative cause of action to Counts I through III. Specifically, Plaintiffs challenge: (1) the facial and as applied constitutionality of the EERA's "organizational security" provision, California Government Code §§ 3540.1(i)(1) & (2), FAC 20-24; (2) the facial and as applied constitutionality of the Agreement's Paragraph 5.0 language, FAC 24-27; (3)

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

the constitutionality of Local 99's denial of LAUSD bargaining members' requests to resign union membership and/or objections to paying for Local 99's political, ideological, and other non-chargeable activities, FAC 27-30; and (4) alternatively, that Local 99 violated compelled "members'" constitutional rights when it forced objecting compelled "members" to support the political, ideological, and other non-chargeable activities of Local 99 against their wills without providing adequate notice and disclosure pursuant to *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986), FAC 30-32.[2]

After approximately six months of good faith, arm's-length negotiations, the Parties reached a class-wide settlement agreement. Pursuant to the Settlement Agreement and Release ("Settlement Agreement"), which is attached as "Exhibit 1" to the Declaration of Plaintiffs' Counsel, Nathan J. McGrath ("McGrath Decl."), filed herewith, Plaintiffs move this Court for an order certifying a settlement class as defined in this Memorandum, *infra* p. 5, for purposes of settlement between the

---

[2] Plaintiffs allege in this action that compelled "members" have the same *Hudson* rights as traditional nonmember employees. Specifically, they contend that a "compelled" member has a First Amendment right to adequate procedures which will, among other things, give adequate advance notice of the political, ideological, and other non-bargaining uses for which the non-chargeable portion of the "compelled" member's dues or fees will be used and allow him or her to make an informed decision on whether to allow their money to be used for political, ideological, or other non-bargaining activities. This is to allow said "compelled" member to have an opportunity to prevent their money from being used for political, ideological, or other non-bargaining activities to which they are opposed. The notice is commonly referred to as a *Hudson* notice.

Parties. Pursuant to the Settlement Agreement, Defendants have agree to the certification of the settlement class under Rule 23(b)(2), and to not oppose Plaintiffs' Motion, provided that the certification and appointment of class counsel are only for purposes of settlement. McGrath Decl. Ex. 1, ¶ 15(a) & (b).

### STATEMENT OF FACTS

Plaintiffs and class members are employed by the LAUSD and are members of a bargaining unit represented exclusively by Local 99. FAC ¶¶ 7, 8(a), 24; Answer to First Am. Compl. ¶¶ 7, 8(a), 26, ECF No. 32 ("Local 99 Answer"). The Board exercises control over the LAUSD, FAC ¶ 24; Local 99 Answer ¶ 26, and has entered into the Agreements with Local 99. FAC Ex. A. Pursuant to said Agreements, the LAUSD deducts union dues or agency fees from the wages of LAUSD employees represented by Local 99 and transfers said monies to Local 99. FAC Ex. A, at 49. Dues are deducted from the wages of union members and "agency fees" from nonmembers. When Local 99 recognizes an employee of the LAUSD bargaining unit as an objecting nonmember, it notifies LAUSD to deduct only the reduced agency fee[3] amount from said employee's wages. FAC ¶ 42; Local 99 Answer ¶ 44.

---

[3] The "reduced agency fee" for any given fee year is the full amount of union dues less the non-chargeable fee amount, as calculated by Local 99. FAC ¶ 41; Local 99 Answer ¶ 43.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Local 99 relies on the organizational security provisions of California Government Code § 3540.1(i) and Paragraph 5.0[4] of the Agreements to deny Plaintiffs' and class members' requests to resign their union memberships and/or to pay only the reduced agency fee amount. FAC ¶¶ 27, 35 & Ex. B; Local 99 Answer ¶¶ 29, 37. Even though Plaintiffs and class members have sent notices to Local 99 of their union membership resignations and their requests to pay only the reduced agency fee amount, Local 99 has not instructed the LAUSD to deduct only the reduced agency fee amount, and the LAUSD, under the control of Defendants the Board and Reilly, has continued to deduct an amount equal to full union dues (agency fees) from their wages and transmitted said monies to Local 99, which uses said monies, at least in part, for its political, ideological, and other non-chargeable activities. FAC ¶¶ 48, 50, 51; Local 99 Answer ¶¶ 50, 52, 53. Plaintiffs challenge the constitutionality of Defendants' above-described actions against them and current and former similarly situated bargaining unit employees.

### DEFINITION OF PROPOSED SETTLEMENT CLASS

Pursuant to the Settlement Agreement, the settlement class is to be defined as:

---

[4] "A dues deduction may only be revoked by an employee in writing during the thirty (30) day period commencing ninety (90) days before the expiration of the Agreement and/or upon expiration of the Agreement. The dues deduction shall automatically terminate if an employee terminates employment or otherwise ceases to be a member of the bargaining unit." FAC Ex. A, at 49.

> [e]very Local 99 bargaining unit member who (a) was employed by the
> Los Angeles Unified School District at any time during the time period
> extending from October 9, 2012, to the date of final approval of [the
> Settlement Agreement and Release] by the Court ("the time period") and
> (b) within the time period Local 99 denied the bargaining unit member's
> request to resign Local 99 union membership and request to pay only the
> reduced agency fee amount.

McGrath Decl. Ex. 1, ¶ 3. All Plaintiffs are members of the settlement class.

ARGUMENT

## I.   General Standards for Class Certification

To certify a settlement class all of the requirements of Rule 23(a) and Rule 23(b) must be met, the same as in certifying a regular class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019, 1022 (9th Cir. 1998). As such, in this Memorandum, Plaintiffs will show how the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(2).

"[T]he requirements of Rule 23 should be liberally construed in recognition of the rule's policy in favor of class actions." *Cf. Schwartz v. Harp*, 108 F.R.D. 279, 281 (C.D. Cal. 1985) (referring to class determination in a securities case (citing *Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir. 1975))). Rule 23(a)'s four prerequisites for class certification are "(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Hanlon*, 150 F.3d at 1019 (citing *Amchem Prods., Inc. v. Windsor*, 521

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

1  U.S. 591, 613 (1997)). Once the requirements of Rule 23(a) are met, "the part[y]

2  seeking class certification must also show that the action is maintainable under [Rule]

3  23(b)(1), (2) or (3)." *Id.* at 1022 (citing *Amchem*, 521 U.S. at 614).

4

5      While "a court's class-certification analysis must be rigorous and may entail some

6  overlap with the merits of the plaintiff's underlying claim . . . Rule 23 grants courts no

7  license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc.*

8  *v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013) (citation and internal

9  quotation marks omitted). "Merits questions may be considered to the extent—but

10  only to the extent—that they are relevant to determining whether the Rule 23

11  prerequisites for class certification are satisfied." *Id.* at 1195 (citation omitted).

12

13  ## II.   The Proposed Settlement Class Is Easily Determinable and Ascertainable

14

15  The settlement class that Plaintiffs seek to have certified is comprised of:

16      [e]very Local 99 bargaining unit member who (a) was employed by the

17      Los Angeles Unified School District at any time during the time period

18      extending from October 9, 2012, to the date of final approval of [the

19      Settlement Agreement and Release] by the Court ("the time period") and

20      (b) within the time period Local 99 denied the bargaining unit member's

21      request to resign Local 99 union membership and request to pay only the

22      reduced agency fee amount.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

"[A]n implied prerequisite to class certification is that the class must be sufficiently definite [and] the party seeking certification must demonstrate that an identifiable and ascertainable class exists." *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (citation omitted). Class membership "must be determinable from objective, rather than subjective, criteria" for the ascertainability requirement to be satisfied. *Id.* However, while "'[a] class definition should be precise, objective, and presently ascertainable,' . . . 'the class need not be so ascertainable that every potential member can be identified at the commencement of the action.'" *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). "The fact that the class includes future members does not render the class definition so vague as to preclude certification." *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223, 230 (C.D. Cal. 2003) (citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)).

Because of the specific eligibility requirements set forth in the settlement class definition, settlement class members will be easily and objectively determined;[5] identified by the date range and the action they took and that was taken against them. Local 99's records as to when and whose requests to resign membership and pay the reduced "agency fee" amount it denied has and will provide clear identification as to who is a settlement class member. Local 99's records have and will make all

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

settlement class members' names, addresses, and other pertinent information readily available. As such, the settlement class definition satisfies the requirement for an objectively identifiable and ascertainable class.

Any monetary damages incidental to the declaratory and injunctive relief awarded as a result of this action are also easily calculated from information contained in Local 99's records and previous *Hudson* notices prepared by Local 99. The calculations would be simple, formulaic, and mathematical in nature with no need for additional adjudications or mini-trials.

Finally, class representatives must be members of the class they represent. *Equal Emp't Opportunity Comm'n v. Gen. Tel. Co.*, 599 F.2d 322, 327 (9th Cir. 1979). All Plaintiffs fit the settlement class definition and, thus, qualify as members of the class.

Other Ninth Circuit cases have certified classes of nonmember employees with similar or nearly identical claims regarding forced unionism and union fee issues as found in this action. Although not an exhaustive list, some include: *Cummings v. Connell*, 316 F.3d 886, 895-96 (9th Cir. 2003); *Wagner v. Professional Engineers in California Government*, 3 Fed. Appx. 594 (9th Cir. 2001); *Swanson v. University of Hawaii Professional Assembly*, 212 F.R.D. 574 (D. Haw. 2003); *Mitchell v. Los Angeles Unified School District*, 744 F. Supp. 938 (C.D. Cal. 1990), *rev'd on other grounds*, 963 F.2d 258 (9th Cir. 1992). Unlike those cases, where classes were generally broad, based merely on the class

---

[5] Local 99 has, in fact, already been able to identify the current bargaining unit

members' nonmember status without regard to their specific written wishes or intentions, this action has a narrowly defined settlement class of employees who have taken the same general and identifiable actions and, as a result, all experienced the same written denial of their rights. Thus, the commonality and typicality requirements will be more easily met here than in the successfully certified nonmember cases cited above, with much less chance of any antagonism or conflict within this narrowly defined settlement class.

## III.    Rule 23(a) Prerequisites to Certifying a Class Action

### a.    Rule 23(a)(1)—Numerosity

To satisfy the Rule 23(a)(1) numerosity requirement, a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder [is] impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require the existence of any specific minimum number of class members." *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994) (citations omitted).  "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members, but not satisfied when membership dips below 21." *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) (citations omitted).

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

---

employees that would be in the settlement class. *See* McGrath Decl. ¶ 19.

In response to class discovery requests made of Local 99 by Plaintiffs, on June 1, 2015, Local 99 identified 235 individuals who meet the settlement class member definition criteria set forth above. *See* McGrath Decl. ¶ 19. As such, the identified settlement class is so numerous that joinder of all class members is impractical and the numerosity requirement of Rule 23(a) is satisfied.

b.    Rule 23(a)(2)—Commonality

Rule 23(a)(2), the commonality requirement, "has been construed permissively" and does not even require that every question of law and fact be common. *Hanlon*, 150 F.3d at 1019.  A "'single issue common to the proposed class'" satisfies the requirement. *Slaven*, 190 F.R.D. at 655 (quoting *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996)) (citations omitted).

Plaintiffs must show that "class members 'have suffered the same injury,'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *General Telephone Co. v. Falcon*, 457 U.S. 147, 157 (1982)), and that their "claims . . . depend upon a common contention," that "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

The commonality requirement is met in this action because there are questions of law or fact common to all Plaintiffs and settlement class members and each allegation in the FAC can be resolved with a single determination by the Court. Specifically, those questions are whether Plaintiffs' and settlement class members' constitutional

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

due process, free association, and free speech rights are violated: (1) by California's organizational security provision, California Government Code § 3540.1(i); (2) by the language of Paragraph 5.0 agreed to by Defendants Local 99 and the Board; (3) by Local 99's actions denying Plaintiffs' and settlement class members' requests to resign Local 99 membership and pay only the reduced "agency fee"; and (4) if, alternatively, Local 99 can force Plaintiffs and settlement class members to be compelled union "members," by Local 99's failure to provide said compelled "members" proper notice and disclosure under *Hudson*.

Each of the above-posed questions of law or fact arises from Defendants' reliance upon the EERA's "organizational security" provisions and/or standard uniform operating procedures and actions, which are common and equally applicable to all Plaintiffs and settlement class members regardless of other varying details. As such, a determination by the Court as to any or all of the common questions would resolve the questions of law or fact equally for all Plaintiffs and settlement class members.

c.       Rule 23(a)(3)—Typicality

"Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts*

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

*Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citations omitted).

The typicality requirement is satisfied in this action because Plaintiffs' legal claims are typical of, and coextensive with, the claims of all settlement class members. Not only are the Plaintiffs' and settlement class members' legal claims the same, but said claims arise from the same conduct by Defendants, in that, Plaintiffs' and settlement class members' requests to resign union membership and pay the reduced "agency fee" amount (which is central to the class definition) were denied by Local 99 via letter, which, ultimately, stated the same grounds for each denial, *see* FAC Ex. B, and Defendants continue to seize and accept monies in excess of the reduced "agency fee" amount, and Local 99 continues to used said monies for its political, ideological, and other non-chargeable activities. If Plaintiffs' constitutional rights under the First and Fourteenth Amendments have been violated by Defendants' actions, then the settlement class members have suffered an identical "loss of First Amendment freedoms, [which] for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). In short, Plaintiffs and settlement class members have all experienced identical injury, and while the incidental damage amounts may vary from Plaintiff to Plaintiff or settlement class member to settlement class member, Defendants already have the records that either contain the individual amount for each Plaintiff and settlement class member or from which that individual amount can mathematically and easily be determined.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Because the legal theories and claims in this action are the same for each Plaintiff and settlement class member and arise from Defendants' identical conduct towards Plaintiffs and each settlement class member, the typicality requirement is satisfied in this action.

d.      Rule 23(a)(4)—Adequacy of Representation

To establish adequacy under Rule 23(a), Plaintiffs must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (citations and quotation marks omitted).

i.      Plaintiffs have no conflicts of interest with settlement class members and will vigorously prosecute the action on behalf of the settlement class.

Plaintiffs have shown above that the commonality and typicality requirements are more than satisfied in this action, and said showings lend support to Plaintiffs' adequacy as settlement class representatives. *See Gen. Tel. Co.*, 457 U.S. at 157 n.13 (noting that commonality and typicality concerns also relate to a representative's adequacy). Furthermore, "conflicts of interest [typically] arise in situations where one group of class members seeks relief that would not benefit, or would be to the

detriment of, other class members." *Preap v. Johnson*, 303 F.R.D. 566, 586 (N.D. Cal. 2014) (citations omitted). Here, the Settlement Agreement will extend the exact same relief to the Plaintiffs as it will to the settlement class members. Plaintiffs are not seeking or receiving any incentive award. Any relief gained pursuant to the Settlement Agreement will equally benefit all members of the class, which negates any conflict of interest between Plaintiffs and settlement class members. *See Preap*, 303 F.R.D. at 587 (no conflict found between petitioners and class members as the sought declaratory and injunctive relief would benefit all proposed class members).      Furthermore, Plaintiffs are willing and able to pursue this action and to control the litigation in a way that promotes the interests of the settlement class members. McGrath Decl. ¶¶ 14-16. Plaintiffs have a stake in the outcome of the lawsuit and, as such, it is also to their benefit to ensure that this action is litigated in a vigorous and competent manner in order to secure the relief that they and the settlement class members have already requested from Defendants—to be nonmembers and only pay the reduced "agency fee" amount. Because their claims are typical and common of, and identical to, those of the settlement class members, by protecting their own interests through vigorous litigation, Plaintiffs will also protect the same rights of the settlement class members.

Here, the issues uniting the settlement class members are their uniform interest in constitutional treatment, which is an issue of paramount importance. The Plaintiffs and settlement class members are all public employees who are entitled to the

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

protections of the First and Fourteenth Amendments regarding their rights to freedom of association, speech, and due process. Moreover, the alternatives to class representation may well be none, given the small pecuniary interest of each settlement class member at stake in this action.

     ii. Plaintiffs' counsel have no conflicts of interest with settlement class members and will vigorously prosecute the action on behalf of the settlement class.

  Plaintiffs' counsel have no conflicts of interest with the settlement class members because their only goal in this litigation is to vindicate the identical rights of Plaintiffs and settlement class members. McGrath Decl. ¶ 17; Decl. of Pls.' Counsel, Milton L. Chappell ("Chappell Decl.") ¶ 18; Decl. of Pls.' Counsel, Thomas Myers ("Myers Decl.") ¶ 11. Furthermore, Plaintiffs control the priorities and direction of the litigation and Plaintiffs' counsel consult with the Plaintiffs regarding all important litigation decisions pertaining to this action. McGrath Decl. ¶ 16; Chappell Decl. ¶ 17; Myers Decl. ¶ 10. As established above, because Plaintiffs have no conflict with the settlement class, Plaintiffs' counsel have no conflict with the settlement class because counsel are not controlling the litigation according to their own will and they have and will continue to seek the direction of Plaintiffs when making important litigation decisions regarding this action.

  Messrs. McGrath and Chappell are well versed in litigating on behalf of nonmember employees seeking to vindicate their rights, both constitutional and statutory, that have been violated by various forms of compulsory unionism. McGrath

Decl. ¶¶ 9-11; Chappell Decl. ¶¶ 9-11; *see also Serna v. Transp. Workers Union of Am.*, No. 3:13-CV-2469-N, 2014 WL 7721824, at *12 (N.D. Tex. Dec. 3, 2014) ("Mr. Chappell and Mr. McGrath have vast experience in cases involving unions and, as staff attorneys for the Foundation, have a variety of resources at their disposal."). Additionally, local counsel, Mr. Myers, has practiced approximately thirty years in the areas of labor and employment and commercial litigation law, and is an experienced labor and employment law litigator. Myers Decl. ¶¶ 3, 5, 6.

Furthermore, Messrs. McGrath and Chappell are experienced in class action litigation, specifically class litigation involving nonmember employees whose constitutional and statutory rights have been violated by various compulsory unionism Schemes, McGrath Decl. ¶ 11; Chappell Decl. ¶ 11, and they have the zeal and competence to represent this class. *See Serna*, 2014 WL 7721824, at *4 (referring to Messrs. McGrath and Chappell, in addition to other class counsel, as zealous and competent to represent a plaintiff class of nonmember employees). Two federal courts found Mr. McGrath to be adequate class counsel for nonmember plaintiff employees in two separate cases in 2014. McGrath Decl. ¶ 11. Numerous Federal courts, including those in this District, have found Mr. Chappell to be adequate class counsel for nonmember plaintiff employees at least thirteen times over his thirty-eight year career, in which he has litigated numerous class action cases similar to this action. Chappell Decl. ¶ 11.

Furthermore, Plaintiffs' counsel is provided *pro bono* by the National Right to Work Legal Defense Foundation, Inc. ("Foundation"), a charitable non-profit, tax-exempt organization that provides free legal aid, *see National Right to Work Legal Defense & Education Foundation, Inc. v. United States*, 487 F. Supp. 801 (E.D.N.C. 1979), and the Foundation has committed to financing this action. McGrath Decl. ¶ 18. Thus, financing of this action to full adjudication is not an issue, *Serna*, 2014 WL 7721824, at *4 (noting that the Foundation's commitment to funding the lawsuit "precludes concern regarding the potentially prohibitive cost of litigation"); *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520-21 (D.N.M. 2004) ("[t]he National Right to Work Legal Defense Foundation has resources most other attorneys would be unable to muster in representing the class . . . ."), and the Foundation's funding will add to the strength and ability of Plaintiffs to prosecute vigorously the claims of the proposed settlement class.

The adequacy of representation of Plaintiffs and Plaintiffs' counsel is satisfied because, as shown above, Plaintiffs and Plaintiffs' counsel have no conflicts with the settlement class members and have the will and resources to litigate vigorously this action on behalf of the settlement class, as they have already demonstrated in this case.

## IV.    The Requirements for Rule 23(b)(2) Certification Are Satisfied

An action that satisfies the prerequisites of Rule 23(a) may be maintained as a class action if it also meets the requirements of at least one of the three subdivisions of

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Rule 23(b). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)); *see also* Fed. R. Civ. P. 23(b). As previously stated, Plaintiffs seek to have the settlement class certified under Rule 23(b)(2).

Class certification under Rule 23(b)(2) is applicable when "the party opposing the class has acted or refused to act on grounds" generally applicable to the class, thereby making appropriate "final injunctive relief or corresponding declaratory relief" with respect to "the class as a whole." Fed. R. Civ. P. 23(b)(2). As the Ninth Circuit stated in *Rodriguez v. Hayes*, "'it is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" 591 F.3d 1105, 1125 (9th Cir. 2010) (citations omitted).

In this action, Local 99 has consistently denied Plaintiffs' and settlement class members' requests to resign their union membership and pay only the reduced "agency fee" amount. Local 99 has established a pattern of consistently doing so based upon provisions in the Agreements and the EERA's authorization of organizational security provisions, which apply equally to Plaintiffs and all members of the class.

Or, alternatively, Plaintiffs and settlement class members who are compelled to remain union members are not given their rights to notice and disclosure under *Hudson* due to Local 99's uniform refusal to accept their objection to paying anything in excess of the reduced "agency fee" amount. As a result, all Plaintiffs and settlement

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

class members are subjected to Defendants' withdrawal of full union dues/full agency fees without compliance with *Hudson*. Local 99's violation of *Hudson* affects the Plaintiffs and the settlement class members, entitling the entire class to the same declaratory and injunctive relief. *See Damiano v. Matish*, 644 F. Supp. 1058, 1060 (W.D. Mich. 1986), *rev'd on other grounds*, 830 F.2d 1363 (6th Cir. 1987). Defendants' actions satisfy Rule 23(b)(2)'s general applicability requirement.

A second consideration for "[c]lass certification under Rule 23(b)(2) requires that the primary relief sought is declaratory or injunctive," *Rodriguez*, 591 F.3d at 1125 (citation and internal quotation marks omitted). However, an action can be certified as a class action under Rule 23(b)(2) when monetary damages are sought, as long as "such relief is 'merely incidental to [the] primary claim for injunctive relief.'" *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001) (citing *Probe v. State Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)). Furthermore, a court need not "examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125.

Unlike in *Zinser*, where the court found that injunctive relief requested was "merely incidental to the primary claim for money damages," 253 F.3d at 1196 (monetary damages sought included a reserve fund for past and future damages, compensation for future medical treatment, plus other compensatory and punitive damages as opposed to the equitable relief sought—a research project), in this action, the

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Plaintiffs' request for declaratory and injunctive relief is significant and predominates, as it seeks declaratory and equitable relief against the organizational security provision of the EERA, Paragraph 5.0 of the CBA, the actions of Local 99 towards Plaintiffs and settlement class members, and, alternatively, the actions of the Defendants as they relate to the seizure of the compelled union "members'" money. Said relief is uniform and would apply to all Plaintiffs and settlement class members.

Furthermore, monetary damages here are merely incidental to the injunctive and declaratory relief Plaintiffs seek. This is because, as stated in *Allison v. Citgo Petroleum Corp.*, here the monetary relief flows "directly from [Defendants'] liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief," 151 F.3d 402, 415 (5th Cir. 1998), and would not require "individualized proof and determinations" beyond what was needed to resolve the questions of law or fact common to the class. *Id.* at 418. Additionally, Defendants have all of the necessary information in their records to calculate the incidental monetary damages, the non-chargeable portion of the full fee deductions made subsequent to the settlement class member's objection, that will be paid to Plaintiffs and settlement class members as a result of the relief provided for in the Settlement Agreement. As such, the incidental monetary calculations will be formulaic and mathematical in nature and will require no additional hearings or litigation to determine the liability amounts of individual Plaintiffs and the settlement class members. As shown above, certification of this action by this Court under Rule 23(b)(2) is proper.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

## V.  Rule 23(g) Appointment of Settlement Class Counsel

Rule 23(g) provides for the appointment of class counsel when a class has been certified. *See* Rule 23, Subdivision (g), advisory committee's note (2003). Rule 23(c)(1)(B) requires the order that certifies a class action to also appoint class counsel under Rule 23(g). The Court must "appoint class counsel that will 'fairly and adequately represent the interests of the class.'" *Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009) (citation omitted).

> [T]he Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

*Id.* at 672 (citation omitted).

Plaintiffs' counsel are extremely well qualified for appointment as settlement class counsel in this action. In December 2014, the federal court in *Serna* found Messrs. Chappell and McGrath adequate class counsel, stating that "Plaintiffs' counsel has the zeal and competence to represent the class," 2014 WL 7721824, at *4, and that "Mr. Chappell and Mr. McGrath have vast experience in cases involving unions." *Id.* at *12.

Mr. Chappell has been trial and/or appellate counsel in approximately fifty-three reported cases, and was found to be adequate class counsel for nonmember plaintiff classes in matters similar to this action in seven states during his thirty-nine year

litigation career as a Foundation staff attorney. Chappell Decl. ¶¶ 4, 9, 11. Mr. Chappell is a member of the Maryland (1976) and D.C. (1977) Bars, is admitted to practice before the United States Supreme Court (1980), nine of the United States Courts of Appeals, including the Ninth Circuit (1977), and four United States District Courts, including the Northern District of California. Chappell Decl. ¶ 3. Mr. Chappell's practice has mostly consisted of representing nonmembers in cases alleging the procedural and substantive constitutionality of forced dues and fees requirements. Chappell Decl. ¶ 9.

Mr. McGrath has been an active member of the Pennsylvania Bar since 2010 and is admitted to practice before the United States Supreme Court (2014), the Fifth Circuit of the United States Court of Appeals (2015), and the United States District Court for the Western District of Pennsylvania (2010). McGrath Decl. ¶ 3. He became a Foundation staff attorney in March 2012, and since that time, he has focused his practice on representing nonmember employees in matters challenging the procedural and substantive constitutionality of compulsory unionism requirements. McGrath Decl. ¶ 4. As a Foundation provided staff attorney, his civil litigation practice is exclusively focused in the areas of labor, constitutional, and administrative law. McGrath Decl. ¶¶ 4, 9. In addition to being found adequate class counsel in *Serna*, in 2014 Mr. McGrath was found to be adequate class counsel in *Thaxton v. OEA*, No. 2:11-cv-00707, an unreported federal class action case in which he represented nonmember plaintiffs. McGrath Decl. ¶ 11.

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395

Mr. Myers serves as local counsel for the Plaintiffs, Myers Decl. ¶ 1, and has been an active member of the California Bar since 1985. Myers Dec. ¶ 3. He is also admitted to practice before the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit, and all of the United States District Courts of California. Myers Decl. ¶ 3. He was an associate and then partner with Adams, Duque & Hazeltine in Los Angeles, California, from 1985 to 1994, and from 1995 to the present has been a partner at Myers & Jones LLP and then Smith & Myers LLP. Myers Decl. ¶ 4. The majority of Mr. Myers' practice is focused on labor and employment law and commercial litigation, and he has been trial counsel in numerous lawsuits involving labor and employment litigation. Myers Decl. ¶ 5.

Although the Foundation is paying Plaintiffs' counsel's legal fees as part of its legal aid program, this litigation is controlled by the Plaintiffs, and all important litigation decisions are made only after consultation and with the consent of Plaintiffs. McGrath Decl. ¶ 16; Chappell Decl. ¶ 17; Myers Decl. ¶ 10. Messrs. McGrath and Chappell represent the interests of their individual clients and not the interests of the Foundation. McGrath Decl. ¶ 6; Chappell Decl. ¶ 6; *see also UAW v. Nat'l Right to Work Legal Def. & Educ. Found., Inc.*, 781 F.2d 928, 934 (D.C. Cir. 1986). Foundation provided staff attorneys Messrs. McGrath and Chappell will vigorously litigate this lawsuit and will faithfully protect the interests of the settlement class. *See Harrington v. City of Albuquerque*, 222 F.R.D. 505, 519 (D.N.M. 2004) (footnote omitted) ("The Plaintiffs' attorneys' desire to win this lawsuit, whatever their motives for doing so,

only ensures that it will be vigorously litigated, as it has been to this point."); *accord Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 162 (E.D. Mich. 1998) ("the motivation of plaintiffs' counsel or the National Right to Work Foundation . . . are irrelevant to counsel's prosecution of this case"); *see also* McGrath Decl. ¶ 17; Chappell Decl. ¶ 18. For additional information pertaining to the qualifications of Messrs. McGrath, Chappell, and Myers, please see counsels' declarations, filed herewith.

## CONCLUSION

WHEREFORE, for the above-stated reasons and those stated in Plaintiffs' motion to certify the settlement class, Plaintiffs respectfully request that the Court enter an order: (1) certifying the settlement class as defined above; (2) certifying that this action proceed as a class action for settlement purposes under Rule 23(b)(2); (3) certifying Douglas Kennedy, Eduardo Berumen, Griselda Moran, and Magi Sahagian, as settlement class representatives; and (4) pursuant to Rule 23(g), appointing Plaintiffs' undersigned attorneys, Thomas O. Myers, Nathan J. McGrath, and Milton L. Chappell, as settlement class counsel.

Dated: June 26, 2015          Respectfully submitted,

SMITH & MYERS LLP

By:  /s/ Thomas O. Myers
     Thomas O. Myers

Nathan J. McGrath (admitted *pro hac vice*)
Milton L. Chappell (admitted *pro hac vice*)

*Attorneys for Plaintiffs and the Class They Seek to Represent*

SMITH & MYERS LLP
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Tel: (213) 613-2380 Fax: (213) 613-2395